UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKIE SUE GRYNER                                                            PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:14-cv-608-CWR-FKB

CAROLYN W. COLVIN
Acting Commissioner of SSA                                                   DEFENDANT


REPORT AND RECOMMENDATION

This cause is before the undersigned for a report and recommendation as to Defendant's

Motion for an Order Affirming the Decision of the Commissioner [10].  Having considered the

record in this matter, the undersigned recommends that Defendant's motion be granted.

**HISTORY**

Plaintiff's application for social security disability, Supplemental Security Income, and

disability insurance benefits was denied initially and upon reconsideration, as well as denied by

an Administrative Law Judge (ALJ) on March 22, 2013, [8] at 22,[1] and the Appeals Council on

June 10, 2014.  *Id*. at 1.  Plaintiff was 51 years old at the time of the alleged onset of disability,

making her a "person closely approaching advanced age" for social security purposes.  *Id*. at 21.

Plaintiff has a limited education and, before claiming to be disabled, worked as a machine

operator and a cashier.  *Id*.

---

[1]References to page numbers are to the administrative record as originally paginated.

1

Following the applicable five-step analysis,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of May 3, 2011 (step 1), and had severe impairments of possible osteogenesis imperfecta, scoliosis, and degenerative disorders of the cervical spine and left shoulder (step 2). *Id.* at 13. The ALJ concluded that Plaintiff's impairments were not as severe as any impairment listed as presumptively disabling in the applicable regulations (step 3). *Id.* at 15. The ALJ then determined that Plaintiff retained the residual functional capacity (RFC) to perform light work,

> except she requires the option to alternate between sitting and standing. She can sit for one hour at a time and stand for thirty minutes at a time. She cannot climb ladders, ropes or scaffolds. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She cannot lift with her non-dominant, left arm above shoulder level. In formulating this opinion, the undersigned relied on the record evidence as a whole (Exhibit Sections A through F) along with the testimony provided at the hearing.

*Id.* The ALJ determined that Plaintiff was unable to return to her past relevant work (step 4). *Id.* at 21. At step 5, utilizing the testimony of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing other work and therefore not disabled. *Id.* at 21-22.

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). If, at any step, the plaintiff is determined to be disabled or not disabled, the inquiry ends. The plaintiff bears the burden through the first four steps of the analysis. At the fifth, the defendant must show that there is other substantial work in the national economy that the claimant can perform. *See, e.g., Myers v. Apfel*, 238 F.3d 617, 619-620 (5th Cir. 2001).

## STANDARD OF REVIEW

When considering social security appeals, this Court's review is limited to determining whether substantial evidence supports the findings made by the Social Security Administration and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Adler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401 (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)).  The Fifth Circuit has further held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Conflicts in the evidence are for the Commissioner to decide, and if substantial evidence is found to support the decision, the decision must be affirmed even if there is evidence on the other side.  *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).  The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner even if it finds that the evidence preponderates against the Commissioner's decision.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988)*; Harrell*, 862 F.2d at 475.  If the Commissioner's decision is supported by the evidence, then it is conclusive and must be upheld.

## THE ISSUES PRESENTED

1.    *Whether Plaintiff's condition met or medically equaled a listing.*

Plaintiff contends that the ALJ failed to consider all of her medical findings, and that her overall medical condition renders her presumptively disabled, meaning that she has a "listed impairment." 20 C.F.R. Part 404, Subpart P, Appx. 1.  The Listing of Impairments describes those impairments the Social Security Administration considers severe enough to render a person unable to work.  20 C.F.R. § 404.1525(a).  If a claimant's condition meets or "medically equals" a listing, the claimant is presumed to be disabled.  Plaintiff argues that though she did not meet Listing 1.04 (Disorders of the Spine), Section A., because there was no evidence of nerve root compression, her condition as a whole medically equaled the listing.

Plaintiff bears the burden to demonstrate that her condition meets or medically equals a listed impairment.  The listing at issue reads as follows:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> or
>
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> or
>
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular

4

pain and weakness, and resulting in inability to ambulate effectively, as defined in
1.00B2b.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.04 (A.)-(C.).

Though Plaintiff argues that she has other spinal conditions that the ALJ failed to
consider, she does not point to any contained in the above listing.  Defendant, on the other hand,
argues that the conditions Plaintiff references in her brief are encompassed by the impairments
the ALJ identified, which simply do not meet or medically equal the listing.  Plaintiff's argument
that her condition should be considered to medically equal the listing is not persuasive.

Plaintiff cites Social Security Ruling ("SSR") 96-6p in support of her argument that
because her treating physician provided a more detailed medical source statement to the Appeals
Council than was considered by the ALJ, Defendant should have obtained an additional medical
opinion as to whether Plaintiff's condition meets or medically equals a listed impairment.  SSR
96-6p provides in pertinent part:

> ... [A]n administrative law judge and the
> Appeals Council must obtain an updated medical opinion from a medical expert
> in the following circumstances:
>
> When no additional medical evidence is received, but in the opinion of
> the administrative law judge or the Appeals Council the symptoms, signs, and
> laboratory findings reported in the case record suggest that a judgment of
> equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the
> administrative law judge or the Appeals Council may change the State agency
> medical or psychological consultant's finding that the impairment(s) is not
> equivalent in severity to any impairment in the Listing of Impairments.

SSR 96-6p (footnote omitted).  The Appeals Council considered the additional medical source
statement and additional medical records from Plaintiff's treating pain management doctor. [8] at

1-5.  Plaintiff does not point to any specific diagnosis contained therein that was not previously provided.

Plaintiff argues that her pain is severe enough to equal that caused by nerve root compression and therefore her condition medically equals the listing.  However, Plaintiff does not have the objective medical finding of nerve root compression that would reasonably be expected to produce severe pain.  Pain will not medically equal a listing without "medical signs or laboratory findings."  *See* Social Security Program Operations Manual System (POMS) DI 24515.061, https://secure.ssa.gov/poms.nsf/lnx/0424515061#d3.  The undersigned is not persuaded that there is an issue as to whether Plaintiff's condition medically equals 1.04A. The ALJ applied the correct standard, and substantial evidence supports the ALJ's finding on this issue.

2.      *Whether the ALJ failed to properly weigh Plaintiff's treating physician's opinion.*

Plaintiff argues that had the ALJ afforded proper weight to the opinion of her treating physician, he would have found her disabled.  The Fifth Circuit has held that a treating physician's opinion is to be given controlling weight as long as it is well-supported by medical evidence and not inconsistent with other substantial evidence.  *Martinez v. Chater*, 64 F.3d 172, 175-176 (5th Cir. 1995).  However, the Commissioner may disregard the opinion of a treating physician for "good cause."  Good cause exists where the opinion is brief and conclusory, is not supported by medical evidence or otherwise unsupported by the evidence.  *Perez v. Barnhart*, 415 F.3d 457, 465-66 (5th Cir. 2005).

In this case, the ALJ chronicled Plaintiff's medical treatment and objective medical findings, then noted:

Little weight was afforded to the opinion of Samuel Mark Allen, M.D., who assessed the claimant with abilities that put her at an exertional level of significantly less than sedentary.  This assessment was rendered on March 11, 2013 and it appears that Dr. Allen had only seen the claimant twice with her last appointment being in January 2013 (Exhibit 27F).  This opinion is not consistent with his treatment records and inconsistent with the overall record evidence and objective findings.  Further Dr. Allen did not explain the medical connection between the assessed limitations and the claimant's conditions.  Further, this assessment was completed soon after the claimant sustained injuries from a fall down some steps in December 2012.  The later record evidence shows that the claimant's condition improved since that time and may continue to improve.

In any case centered on an individual's subjective complaints, the issue of credibility is very important.  The claimant's allegations of disability are less than credible.  First, the objective medical and mental health records do not establish conditions that produced disabling limitations.  Second, no long standing treating doctor or treating psychiatrist and/or psychologist advised that the claimant experiences any disabling physical or psychological limitations.  The only opinion from a treating physician was rendered shortly after she began treatment with him and it was rendered after a fall with injuries while later records indicate improvement.  Viewing all of the evidence together, the undersigned finds that the claimant's subjective allegations of disability cannot reasonably be accepted as consistent with the objective medical evidence and other evidence in this case record (as required by 20 CFR 404.1529 and 416.929).

[8] at 20.

Plaintiff submitted a Medical Source Statement from Dr. Allen to the Appeals Council which indicated that Plaintiff cannot work at all due to intolerable pain.  As objective support for his conclusion, Dr. Allen cited: "scoliosis & facet arthropathy per x-ray".  *Id*. at 749.  No new x-rays were submitted nor do the additional records submitted to the Appeals Council indicate that any were taken other than those considered by the ALJ.

Plaintiff also cites SSR 96-7 and argues that the ALJ could not reject Plaintiff's complaints of pain based on a lack of objective medical evidence alone. [9] at 11.  However, the

7

ALJ also noted:

> A review of the record reflects no limitations in activities of daily living greater than those as reflected in the residual functional capacity as stated above.  The record does not contain any objective information or third party reports to substantiate or demonstrate the claimant's alleged functional limitations.  The claimant completed a functional report in which she reported some limitations to her daily activities, but she did not indicate limitations greater than those determined herein (Exhibit 6E).

[8] at 20.

> Moreover, SSR 96-7p states:

> 1.   No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.

Plaintiff argues that her impairments could reasonably be expected to produce disabling pain, but the ALJ carefully analyzed the medical and other records.  His decision on this issue was supported by substantial evidence, and the correct legal standards were applied.

*3. Did Plaintiff "grid out"?*

Finally, Plaintiff argues that based on the ALJ's RFC, she needed to sit 5.5 hours a work day and stand for only 2.5 hours a work day.  Plaintiff asserts that this restriction on her ability to perform a full range of light duty work actually drops her to sedentary work.  According to Plaintiff, a person of her age with her education and no transferable work skills and who can perform only sedentary work, is disabled per the applicable Medical-Vocational Guidelines.  20 C.F.R. §404, Subpart P, Appendix 2.

The tables provided in Appendix 2 are a gridwork for determining disability once a

claimant's RFC has been determined.  Rules 201.09 and 201.10 would direct a finding of disabled, if Plaintiff's RFC was limited to sedentary work.  However, the ALJ concluded that she was capable of light work, with some restrictions.  Plaintiff argues that those restrictions are so onerous that the sedentary portion of the grid is applicable, not the light portion.  SSR 83-12, cited by Plaintiff, states that if an exertional level falls between two rules directing opposite conclusions, as would be the case here since Rule 202.10 (applicable where the RFC is light) compels a finding of not disabled while Rule 201.10 (applicable where the RFC is sedentary) directs a finding of disabled, the ALJ is to consider the level of reduction.  However, SSR 83-12 also references use of a vocational expert in such circumstances, which is what occurred in this case.  Plaintiff argues, however, that SSR 83-5a, which addresses conclusiveness of the medical-vocational rules, is applicable and the ALJ could not use a vocational expert to override the grid. The undersigned disagrees.  Plaintiff's RFC did not fall squarely within a rule such that SSR 83-5a would mandate a ruling based on the grid.  The ALJ properly utilized a VE and concluded that Plaintiff could perform other work.

CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion [10] be granted and that the Commissioner's decision be affirmed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636.

Respectfully submitted, this the 16th day of June, 2015.


/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE