IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JACKIE SUE GRYNER                                                                                    PLAINTIFF

V.                                                                         CAUSE NO. 3:14-CV-608-CWR-FKB

CAROLYN W. COLVIN,                                                                              DEFENDANT
**Acting Commissioner of Social Security Administration**

**ORDER**

Before the Court is the plaintiff's objection to the Magistrate Judge's Report and Recommendation (R&R). Docket No. 14. The R&R recommends affirming the Commissioner's denial of social security disability, disability insurance benefits, and supplemental security income. Docket No. 13. The Commissioner raised no objection to the R&R. Docket No. 15.

The Court has reviewed *de novo* the portions of the R&R to which the plaintiff objected. 28 U.S.C. § 636(b). It finds that the ALJ did not apply the correct legal standard, and the record does not contain substantial evidence to support the Commissioner's decision. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Therefore, reversal and remand for further administrative proceedings is warranted.

**I. Procedural History**

Jackie Sue Gryner ("Gryner") filed two applications with the Social Security Administration: one for disability and disability insurance benefits on June 29, 2011, and one for supplemental security income on August 8, 2012. Docket Nos. 8, at 148 and 152. She claimed a disability onset date of May 3, 2011. The Commissioner initially denied Gryner's claims on September 16, 2011, and upon reconsideration on January 13, 2013. *Id.* at 124 and 131. After a

hearing held on March 12, 2013, the ALJ denied Gryner's claims on March 22, 2013. *Id.* at 12. On June 10, 2014, the Appeals Council denied review of Gryner's claims. *Id.* at 5.

Gryner initiated this action in this Court on December 18, 2014; and on February 17, 2015, the defendant responded. Docket Nos. 9 and 10. On June 16, 2015, the Magistrate Judge affirmed the denials. Gryner timely filed three objections to the R&R. Docket No. 14. Gryner first argues that the ALJ improperly disregarded her treating physician's opinion. Gryner also contends that the ALJ erred in his determination that her impairments did not equal a listed impairment under Listing 1.04, Subpart P, Appendix 1. She also objects to the ALJ's finding of non-disability at Step 5.

## II.    Standard of Review

"On judicial review, the ALJ's determination that a claimant is not disabled will be upheld, if the findings of fact upon which it is based are supported by substantial evidence on the record as a whole, and if it was reached through the application of proper legal standards." *Loza v. Apfel*, 219 F.3d 378, 389 (5th Cir. 2000) (citations omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007) (quotation marks and citation omitted). "Substantial evidence must do more than create a suspicion of the existence of the fact to be established." *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). In applying the substantial evidence standard, the court must scrutinize the record to determine whether such evidence is present, *see Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), but it may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Audler*, 501 F.3d at 447.

**III.     Discussion**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To receive disability benefits, a claimant's impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

In reaching a decision, the ALJ applies the familiar five-step sequential evaluation process, to determine whether:

> (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated. The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform.

*Audler,* 501 F.3d at 447-48 (citation omitted). "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir. 2000) (citation omitted).

Here, the ALJ determined that Gryner had not engaged in substantial gainful activity since May 3, 2011, and that she suffered from severe impairments of **possible** osteogensis imperfecta, scoliosis, and degenerative disorders of the cervical spine and left shoulder. Docket No. 8, at 17 (emphasis added). The ALJ found that Gryner's impairments did not meet or equal a listed impairment, but that she could not perform any past relevant work. *Id.; Id.* at. 25. The

3

ALJ ultimately concluded that Gryner had a residual functional capacity (RFC) to perform light work with the following limitations:

> [S]he requires the option to alternate between sitting and standing. She can sit for one hour at a time and stand for thirty minutes at a time. She cannot climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She cannot lift with her non-dominant, left arm above shoulder level.

*Id.* at 19.

### A. Evidence from Gryner's Treating Physician

Gryner contends that the ALJ erred when he assigned little weight to the opinion of her treating physician Dr. Samuel Allen, but assigned partial weight to the opinions of two non-examining agency physicians.

Because Social Security proceedings are inquisitorial rather than adversarial, the ALJ has a duty to "investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 103-04 (2000). "The opinion of the treating physician who is familiar with the claimant's impairments, treatments and responses, should be accorded great weight in determining disability." *Newton*, 209 F.3d at 455 (citation omitted). The ALJ may, however, reject the opinion of any physician when there is evidence in the record that supports a contrary conclusion. *Robinson v. Colvin*, No. 3:14-cv-832-TSL-JCG, 2015 WL 6828565, at *6 (S.D. Miss. 2015) (citing *Bradley v. Bowen,* 809 F.2d 1054, 1057 (5th Cir. 1987)). "An ALJ may properly rely on a non-examining physician's assessment when . . . those findings are based upon a careful evaluation of the medical evidence and do not contradict those of the examining physician." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990) (citation omitted).

Here, the ALJ afforded little weight to Dr. Allen's opinion because:

>the assessment was rendered on March 11, 2013 and it appears that Dr. Allen had only seen the claimant twice with her last appointment being in January 2013. This opinion is not consistent with his treatment records and inconsistent with the overall record evidence and objective findings.

Docket No. 8, at 24.

Evidence in the record before the ALJ included reports from several treating physicians from 1993 through 2013. This evidence reveals that Gryner has been diagnosed with and treated for impairments including, but not limited to, moderate scoliosis, chronic deformity of the chest, chronic interstitial changes throughout both lungs, pronounced osteoporosis with multiple thoracic spine compression fractures, rotatory levscoliosis, degenerative facet arthropathy in lower lumbar spine, and very demineralized bones for her age. *Id.* at 267, 300, 332, 360, 411, 418, and 457.

Most notably, Gryner was diagnosed with osteogenesis imperfecta by two separate treating physicians, *id.* at 336 and 364, but the ALJ accorded partial weight to two non-examining physicians who opined that there was "no evidence to support a diagnosis of osteogenesis imperfecta," and used those opinions to classify Gryner's severe impairment as possible osteogenesis imperfecta. *Id.* at 23.

The ALJ erred when he gave greater weight to the opinions of the non-examining physicians because the record evidence from treating physicians directly contradicts the opinions of the non-examining physicians. Thus, the treating physicians' opinions were entitled to greater weight. *See Villa*, 895 F.2d at 1024.

The Magistrate Judge ruled that the ALJ's decision to give little weight to Dr. Allen's opinion was proper because his clinical finding of "scoliosis & facet arthropathy per x-ray" was not supported with medical evidence. *Id.* at 7. The R&R states that "no new x-rays were submitted nor do the additional records submitted to the Appeals Council indicate that any were

taken other than those considered by the ALJ." *Id.* And the ALJ noted that he gave Dr. Allen's opinion little weight because Dr. Allen "did not explain the medical connection between the assessed limitations and the claimant's conditions." Docket No. 8, at 24.

The ALJ could have resolved both of those issues with reasonable effort and without substantial delay.[1] "It is clear that additional development of the record, specifically in the form of opinions from the treating physicians, could have been easily obtained, and probably would have been helpful, had the ALJ sought such information." *Corbitt v. Commissioner of Social Sec. Admin.*, No. 3:10-cv-558, 2013 WL 603896, *3 (S. D. Miss. Feb. 19, 2013) (quoting *Chandler v. Astrue*, No. 1:10-cv-60, 2010 WL 4362853, *5 (N.D. Miss. Oct. 27, 2010)). By failing to do so, the ALJ did not satisfy his duty to fully develop the record. *See Newton,* 209 F.3d at 457-58 ("The Fifth Circuit also imposes a duty on an ALJ to develop the facts fully and fairly relating to an applicant's claim for disability benefits. If the ALJ does not satisfy his duty, his decision is not substantially justified.") (quotation marks and citations omitted).

## IV. Conclusion

This Court declines to adopt the R&R. The Commissioner's motion to affirm is denied. Accordingly, pursuant to the fourth sentence of 42 U.S.C. § 405(g), this Court reverses the Commissioner's decision and remands the case for further administrative proceedings in accordance with this Order.[2]

A separate Final Judgment will issue this day.

---

[1] Every reasonable effort means that "we will make an initial request for evidence from your medical source and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one follow up request to obtain the medical evidence necessary to make a determination. The medical source will have a minimum of 10 calendar days from the date of our follow-up request to reply, unless our experience with that source indicates that a longer period is advisable in a particular case." 20 C.F.R. § 404.1512 (2015).

[2] Because further administrative proceedings could resolve Gryner's two remaining objections, the Court need not address them at this time.

**SO ORDERED**, this the 31st day of March, 2016.

                                                  s/ Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE